# PROVIDENCE COUNTY.

### John S. Tripp *vs.* Pardon Hopkins.

A quitclaim deed conveyed the right and title of two grantors in certain realty to two grantees "to be owned equally between them." This deed was sent to a town clerk that the grantees' title might be examined. He indorsed on it the following certificate: "This is to certify that I have carefully examined the records in this office in relation to the within named and described premises, and that I find no incumbrance on the same, and that it now remains in the name of the within named grantees."

*Held*, that nothing in the certificate implied that the grantees held each an undivided moiety of the whole realty.

Exceptions to the Court of Common Pleas.

This action was trespass on the case brought in the Court of Common Pleas. The declaration charges that the plaintiff agreed to loan certain moneys to one Byron F. Johnson upon a mortgage of certain realty owned by Johnson in the town of West Greenwich; that, to be sure of Johnson's title, he obtained the deed under which Johnson held, and sent it to the town clerk of West Greenwich, requesting an examination of Johnson's title, and

stating that he understood Johnson to be the owner of one half of the estate in question; that this deed was subsequently returned to the plaintiff with a certificate of the town clerk, the defendant, indorsed upon it; that relying on this certificate he made the loan and took the mortgage from Johnson; that the certificate was untrue, made by the town clerk after imperfect and defective examination; that the title was not as the plaintiff supposed from the certificate; that, in consequence, the mortgage security was of little value, and upon sale fell far short of covering the debt; and that the plaintiff, in consequence of the defendant's lack of care and skill, suffered great loss.

The case in the Court of Common Pleas was heard by the court, jury trial being waived. The plaintiff claimed that Johnson's undivided interest in the realty was much less than the one half part which the plaintiff supposed.

The deed to Johnson and his co-owner is as follows:

"Know all men by these presents, that I, Charles F. Johnson, of city of New London, and Charles P. Chipman, of town of Groton, both of County of New London and State of Connecticut, for divers good causes and considerations thereunto moving, especially for the sum of Five Hundred dollars ($500) received to our full satisfaction, of Willard F. Hall, of New York city (formerly of city of New London, Ct.), and Byron F. Johnson, of city of New London, County and State aforesaid, have remised, released, and forever quitclaimed, and do by these presents, for ourselves, our heirs and assigns, justly and absolutely remise, release, and forever quitclaim, unto the said Willard F. Hall and Byron F. Johnson, as aforesaid, and to their heirs and assigns forever, all such right or title as we, the said Charles F. Johnson and Charles P. Chipman, have or ought to have, in a certain tract or parcel of land situated in the town of West Greenwich, County of Kent, and State of Rhode Island, bounded and described as follows:

(Follow the boundaries and descriptions.)

"To have and to hold, the above described premises unto them, the said Willard F. Hall and Byron F. Johnson, to them and their heirs and assigns, to the only use and behoof of the said Willard F. Hall and Byron F. Johnson, to them, to be owned

equally between them and their heirs and assigns forever, so that neither we, the said Charles F. Johnson nor Charles P. Chipman, nor any other person or persons in our name and behalf, shall or will hereafter claim or demand any right or title to the premises or any part thereof, but they and every of them shall, by these presents, be excluded and forever barred.

" In witness whereof," &c.

Signed, sealed, and acknowledged by the grantors.

On the back of this deed was written the certificate, which is the foundation of this action. It is as follows :

" TOWN CLERK'S OFFICE,
WEST GREENWICH, R. I., *January* 5, 1874.

" This is to certify that I have carefully examined the Records in this office in relation to the within named and described Premises, and that I find no incumbrance on the same, and that it now remains in the name of the within named grantees. Witness,

" PARDON HOPKINS, *Town Clerk.*"

The plaintiff's counsel requested the court to hold " That the deed upon which the certificate was indorsed, purporting in terms to convey to Byron F. Johnson and Willard F. Hall the same estate mortgaged the plaintiff, ' to be owned equally between them,' the construction of the certificate should be, that Byron F. Johnson and Willard F. Hall had each a title to one undivided half of the estate described in the deed, that the construction of the certificate must be taken in connection with, and be consistent with, the terms of the grant in the deed upon which the certificate was indorsed. Also, that the word ' incumbrances ' in the certificate should, in this case, be construed to mean any incumbrance which might lessen or affect the one half interest of Byron F. Johnson, the plaintiff's mortgagor, and should not be limited to incumbrances by way of mortgage attachment and the like." The court refused these requests, and gave judgment for the defendant for his costs, whereupon the plaintiff excepted.

*July* 3, 1880. PER CURIAM. We think the certificate, construing it as favorably as possible for the plaintiff, imports simply that the real estate described in the deed, from Charles F. Johnson and Charles P. Chipman to Willard F. Hall and Byron F.

Johnson, is unincumbered, and remains in the grantees; but not that it remains in them in equal moieties, unless it was formerly so in them, for the deed on which it is indorsed does not purport to convey the entire estate to the grantees in equal moieties, but only " all such right and title " as the grantors have. The record does not disclose that any evidence was adduced by the plaintiff to show that the certificate was false in either particular. Indeed, the record does not show that any evidence whatever was offered as to the true state of the title, and it does not appear that the rulings requested, if made as requested, would have availed the plaintiff. We do not see, however, that the court below committed any error in refusing to assent to the correctness of the rulings requested, even as abstract propositions. The exceptions are overruled, and the judgment of the court below affirmed, with costs of this court.

*Charles A. Wilson*, for plaintiff.
*Dexter B. Potter*, for defendant.